70 F.3d 1263
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clayton Andrew COLBERT, Defendant-Appellant.
 No. 95-5234.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 16, 1995.
Decided: November 30, 1995.
 
 William B. Purpura, Baltimore, MD, for Appellant. Lynne A. Battaglia, United States Attorney, Carmina S. Hughes, Assistant United States Attorney, Baltimore, MD, for Appellee.
 Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury found Appellant guilty of one count of assaulting a federal officer engaged in the performance of official duties, in violation of 18 U.S.C.A. Sec. 111 (West Supp.1995). The only issue on appeal is whether the federal officers involved were engaged in the performance of official duties when Colbert assaulted them. Finding that they were, we affirm.
 
 
 2
 The facts of the case are undisputed. Michael Morales and Alvin Rehn, Special Deputy United States Marshals ("the Deputies"), were assigned to the Maryland Joint Violent Crime Fugitive Task Force. On August 12, 1994, while they were searching an area of Baltimore City for a fugitive named Dexter Dudley, they saw Colbert walking in a peculiar manner down the street with a large bulge protruding from the left side of his clothing. Believing Colbert was armed, the Deputies pulled their car alongside Colbert and identified themselves. Colbert ran away, and the Deputies pursued him. Colbert then spun around, shot a sawed-off shotgun in the direction of the Deputies, dropped the gun, and fled.
 
 
 3
 Whether the Deputies were within the scope of their official duties was a question of a fact properly submitted to the jury. United States v. Kelley, 850 F.2d 212, 213 (5th Cir.), cert. denied, 488 U.S. 911 (1988). "To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 4
 A federal officer is engaged in the performance of official duties if the officer is acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic. United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.), cert. denied, 388 U.S. 917 (1967). The statutory language extends to "what the officer ought to do because of being an officer." United States v. Reid, 517 F.2d 953, 964 (2d Cir.1975).
 
 
 5
 Colbert contends that, because the Deputies' investigation and stop had no relationship to their assigned duty of apprehending Dexter Dudley, the Deputies were acting outside the scope of their official duties. Instead, Colbert contends, the Deputies acted as state officers initiating their own investigation. We disagree.
 
 
 6
 The Deputies observed Colbert walking down a busy, public street with a loaded shotgun under his clothing. If they had not stopped and investigated, they "might reasonably have been regarded as not doing 'what [an] officer ought to do because of being an officer.' " Kelley, 850 F.2d at 215 (citations omitted) (emphasis in original). When they were assaulted, the Deputies were surveilling the area as federal officers and following the orders of a federal supervisor. They did not lose their status as federal officers when they observed and investigated possible criminal conduct committed in their presence.
 
 
 7
 Accordingly, we find no basis for overturning the jury's conclusion that Colbert's assault occurred while the Deputies were engaged in the performance of official duties. We therefore affirm Colbert's conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED